\* IN THE MATTER OF COMPELLING PAYMENT OF THE AMOUNT OF TAX, UPON THE PROPERTY GIVEN BY THE WILL OF HANNAH ENSTON, TO COLLATERAL RELATIVES.

*Collateral inheritance tax* — 1885, *chap.* 483 — *property in this State belonging to a person residing and dying in another State is subject to it.*

Hannah Enston, a resident of the State of Pennsylvania, died on October 26, 1886, in the State of South Carolina, leaving real and personal property, within the county of Kings, in this State, in which county her will was admitted to probate on November 4, 1886.

*Held*, that her property within this State was subject to the tax imposed by chapter 483 of 1885, entitled "An act to tax gifts, legacies and collateral inheritances in certain cases."

APPEAL from an order, made by the surrogate of Kings county, approving and confirming the report of an appraiser assessing and

---

\* Decided July, 1887.

fixing the cash value of the property of Hannah Enston, deceased, which is subject to the tax imposed by chapter 483 of 1885.

Hannah Enston, a resident of Pennsylvania, domiciled in Philadelphia, sent to an agent residing in Brooklyn, to be loaned in this State, moneys in all amounting to about a million of dollars. Such moneys were invested, partly on bond and mortgage in the city of Brooklyn, and partly in the purchase of stocks and bonds of foreign municipal and business corporations. Some portion of the moneys loaned on bond and mortgage, were at the time of Mrs. Enston's death, represented by the ownership of the mortgaged property purchased in at the foreclosure of such mortgages, and at that time the other securities remained in the possession of such agent in Brooklyn for safe keeping and collection. The real estate was then of the value of $125,575, the bonds and mortgages $471,650, and the other stocks and bonds of foreign corporations, $246,316. Mrs. Enston died on October 26, 1886, at Spartansburgh, S. C., being still a resident and domiciled in Philadelphia, leaving a will duly proved in Kings county, by which she devised the property above referred to, to nephews and nieces.

The above facts appeared upon the hearing of this proceeding, which was taken in the Surrogate's Court of Kings county, on behalf of the State, by the district attorney of Kings county against the executors, to compel payment of a tax alleged to be due upon the succession by virtue of chapter 483 of the Laws of 1885. The Surrogate's Court decided that the succession was subject to the tax, and entered a final order directing the executors to pay the same, amounting to the sum of $42,177.05, and also to pay to the district attorney seventy dollars, costs of the proceeding, and $200 additional allowance. The executors duly excepted to the decision, and now appeal from the said final order to this court.

*Josiah T. Marean*, for the executors, appellants.

*James W. Ridgway*, district attorney, and *John F. Clark*, assistant district attorney, for the people.

PRATT, J.:

This is an appeal from an order made by the surrogate of Kings county. The proceeding was instituted by the district attorney for the purpose of having the surrogate assess and fix the cash value of

the estate of Hannah Enston, deceased, in order that the tax thereon may be collected pursuant to chapter 483 of the Laws of 1885, entitled, " an act to tax gifts, legacies and collateral inheritances in certain cases."

There is no dispute on the facts. Hannah Enston at the time of her death was a resident of the State of Pennsylvania. She departed this life on the 26th of October, 1886, in the State of South Carolina, leaving real and personal property within the county of Kings in this State. Her last will and testament was admitted to probate in Kings county, on the 4th November, 1886. An appraisement of the property was duly had, and the tax amount fixed by the appraiser. *The specific contention made by the executors on this appeal is that the decedent, not being a resident of this State at the time of her death, the legacies under the will are not subject to the Law of 1885, notwithstanding the property so bequeathed was at the time of her death, invested and located within this State.* That the statute covers this case cannot admit of doubt. Section 11 of the act provides that " whenever any foreign executor   *   *   * shall assign or transfer any stocks or loans in this State standing in the name of a decedent or in trust for a decedent, etc." By section 15 it is further provided that the " Surrogate's Court in the county in which the real property is situate, of a decedent, who was not a resident of the State,"   *   *   * shall have jurisdiction, etc., thus in the former section, announcing that capital invested in this State comes under the statute and is subject to the tax, and in the latter section giving the surrogate jurisdiction to determine the tax to be imposed upon real estate.

A fair interpretation of the statute seems to negative any exemption from taxation of the property in question. The statute seems to provide for the cases, 1st., where the decedent is a resident of the State, and, 2d, where the property of the decedent is in the State at the time of his death. The statute relates to the taxation of property, and the words " or which property shall be within this State," must be regarded as the alternative of the words " while being a resident of this State."

This is the only construction that will give any force or effect to the words " or which property shall be within this State," and necessarily includes property within this State at the time of the death of a non-resident.

The statute expressly states that "all property which shall pass by will or intestate laws," shall be subjected to the tax. These words necessarily included property of non-resident as well as resident decedents. The grammar of section 1 of the act, may be the subject of just criticism, but in view of the well settled policy of the State in regard to taxation, and the inconsistency of adopting any other construction than that adhered to by the surrogate, we think the decree must be affirmed.

It seems to be conceded that property passing by grant to take effect at grantor's death, is subject to tax without reference to the residence of the grantor. It is difficult to see why property passing by will should be free from tax, while property passing by grant to take effect at grantor's death, would be liable to taxation. Such an inconsistency cannot be imputed to a legislative act.

There are no errors sufficient to warrant an interference with the decree which is affirmed with costs.

Present — BARNARD, P. J.; DYKMAN and PRATT, JJ.

Decree affirmed, with costs.